IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOHN R. ROSE,<br><br>        Petitioner,<br><br>vs.<br><br>WARDEN HAROLD MAY,<br><br>        Respondent. | CASE NO. 1:24-CV-01037<br><br>JUDGE PATRICIA A. GAUGHAN<br><br>MAGISTRATE JUDGE AMANDA M. KNAPP<br><br>**INTERIM REPORT AND RECOMMENDATION**[1] |

On June 6, 2024, Petitioner John R. Rose ("Petitioner" or "Mr. Rose") filed a petition for writ of habeas corpus under 28 U.S.C. § 2254.[2] (ECF Doc. 1 ("Petition").) Mr. Rose's Petition relates to his 2021 conviction for aggravated murder and his related prison sentence following a jury trial in Ashtabula County Case No. 2020-CR-226.[3] (*Id.*) In his Petition, Mr. Rose identifies fourteen claims (labeled Claims I-XIV), consisting of thirty-eight grounds for relief. (*Id.*) Thirty-four of those grounds are encompassed in Claims I-X. (*Id.* at pp. 83-128; ECF Doc. 1-6).

Contemporaneous with the filing of his Petition, Mr. Rose filed a "Motion to Stay and Abey Proceedings; or in the Alternate, to Dismiss Without Prejudice to Refiling Upon Finding of Prematurity." (ECF Doc. 3 ("Motion").) The Court ordered briefing on Petitioner's Motion

---

[1] This case was automatically referred to the undersigned on August 28, 2024, pursuant to Local Rule 72.2.

[2] "Under the mailbox rule, a habeas petition is deemed filed when the prisoner gives the petition to prison officials for filing in the federal courts." *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266, 273 (1988)). Mr. Rose placed his Petition in the ODRC prisoners' mail system on June 6, 2024 (ECF Doc. 1, p. 164) and the Petition was docketed on June 20, 2024. (ECF Doc. 1.)

[3] Mr. Rose lists additional crimes for which he was convicted, including murder in violation of R.C. 2903.02(A), murder in violation of R.C. 2903.02(B), and felonious assault in violation of R.C. 2903.22(A)(2), but indicates that the lesser charges were merged for sentencing. (ECF Doc. 1.)

1

(ECF Doc. 10) and granted Petitioner two extensions of time to file his reply in support of his Motion (*see* October 16, 2024, and November 4, 2024, Non-Document Orders).  The Motion is fully briefed and ripe for disposition.  (ECF Docs. 3, 11 & 14.)

As explained below, the undersigned recommends that the Court **GRANT** Mr. Rose's Motion (Doc. 3) and stay these proceedings subject to the conditions outlined in Section IV.

### I.    Procedural History[4]

Following his conviction and sentencing for aggravated murder, Petitioner filed an appeal with the Eleventh District Court of Appeals, which was denied on September 12, 2022.  *See State v. Rose*, 2022-Ohio-3197, ¶ 1.  As to the third assignment of error, the court of appeals found the trial court erred when it did not make an affirmative determination on the record that Petitioner's spouse "had elected to testify," for purposes of demonstrating her competency to testify.  *Id.* at ¶ 72.  But the court nevertheless found the assignment of error lacked merit because it could not say that the result of the trial would have been different without the testimony of Petitioner's spouse.  *Id.* at ¶¶ 73-76.

While the direct appeal was pending, Petitioner filed two motions for a new trial in March 2022 and a petition for postconviction relief in April 2022.  *See State v. Rose,* 2022-Ohio-4041, ¶ 33.  The trial court overruled the motions without a hearing, noting that the motions for new trial had been treated as motions for postconviction relief because they were filed while the direct appeal was pending.  *Id.* at ¶ 36.

Petitioner appealed the trial court's ruling to the Eleventh District Court of Appeals, which held in November 2022 that the trial court properly exercised its discretion when it dismissed the petition for postconviction relief without a hearing.  *Id.* at ¶ 56.  Petitioner then

---

[4] The underlying state court record has not yet been filed, so the procedural history herein is based on the published decisions of the Ohio state courts.

requested reconsideration, arguing that he received ineffective assistance of counsel when his attorney did not challenge the trial court's recasting of his motions for new trial as motions for postconviction relief; the request was overruled.  *See State v. Rose,* 2024-Ohio-5053, ¶ 11.  Petitioner appealed the decision to the Supreme Court of Ohio, which did not accept the appeal for review.  *See State v. Rose*, 2023-Ohio-758.

In November 2023, Petitioner filed a second petition for post-conviction relief; he filed "additional appendices" in May 2024.  *See Rose,* 2024-Ohio-5053 at ¶ 12.  The trial court denied the petition without a hearing in May 2024, explaining that Petitioner had failed to satisfy the statutory requirements for consideration of successive petitions for postconviction relief.  *Id.* at ¶¶ 13-17.  Petitioner appealed the trial court's May 2024 decision to the Eleventh District Court of Appeals, which upheld the trial court's decision on October 21, 2024.  *Rose,* 2024-Ohio-5053.  In his first assignment of error, Petitioner argued that the trial court erred when it recast his motions for new trial as petitions for postconviction relief.  *Id.* at ¶ 30.  The court of appeals found this argument was not properly before the court because it was not addressed in Petitioner's appeal of the denial of his first petition for postconviction relief and was barred by the doctrine of res judicata.  *Id.* at ¶ 31.  The court further found no merit in Petitioner's argument that he suffered prejudice because the trial court recast his motions for new trial as petitions for postconviction relief, noting that Petitioner filed a petition for postconviction relief in April 2022.  *Id.* at ¶¶ 32-36.  Petitioner filed a notice of appeal of that decision and a memorandum in support of jurisdiction with the Supreme Court of Ohio on December 2, 2024, which remains pending as of the filing of this report and recommendation.  *See* https://www.supremecourt.ohio.gov/Clerk/ecms/#/caseinfo/2024/1667 (last visited 1/7/2025)

## II. Motion to Stay and Abey

Mr. Rose filed the underlying Petition in June 2024, after the trial court denied his second petition for postconviction relief but before the state court of appeals upheld that decision, and before Mr. Rose appealed the appellate court decision to the Supreme Court of Ohio. In the present Motion, Petitioner seeks a stay of these federal habeas proceedings until the conclusion of the state court proceedings currently pending before the Supreme Court of Ohio, which relate to Claims I-X of the Petition. (ECF Doc. 3.) Petitioner does not seek a stay to exhaust Claims XI-XII, which were addressed in his prior Ohio App. R. 26(B) proceedings (*id*. at pp. 34-41, 71-75), or Claims XII-XIV, which were addressed in his direct appeal (*id*. at pp. 2, 76-77).

In support of a stay, Petitioner asserts that: (1) the thirty-four grounds for relief set forth in Claims I-X were raised in an amended petition for post-conviction relief he filed on November 16, 2023 (*id*. at p. 2; ECF Doc. 1-4, p. 4); (2) the trial court denied that petition on May 9, 2024 (ECF Doc. 3, p. 2); (3) he appealed the denial to the Eleventh District Court of Appeals on May 21, 2024 (*id*); (4) the Eleventh District Court of Appeals affirmed the trial court's May 9, 2024 decision on October 21, 2024 (ECF Doc. 14, p. 14); and (5) Petitioner filed a notice of appeal from that October 2024 decision and a memorandum in support of jurisdiction with the Supreme Court of Ohio on December 2, 2024 (*id*. at p. 16; *see also* https://www.supremecourt.ohio.gov/Clerk/ecms/#/caseinfo/2024/1667 (last visited 1/7/2025)).

Mr. Rose argues that a stay is warranted in this case because: he has demonstrated good cause for his prior failure to exhaust the relevant claims; his unexhausted claims are potentially meritorious; and there is no indication that he engaged in intentionally dilatory tactics. (ECF Doc. 3, pp. 5, 8-17.) Alternately, if the Court denies his request for a stay, Mr. Rose requests dismissal of his Petition "without prejudice to refiling upon exhaustion" because his "Petition may be harmlessly premature." (*Id*. at pp. 18-19.)

Respondent opposes the Motion, arguing that a stay is not warranted because the claims Mr. Rose seeks to exhaust were procedurally defaulted and are not potentially meritorious. (ECF Doc. 11, p. 3.) With respect to Mr. Rose's alternate request to dismiss the Petition without prejudice, Respondent does not waive any defenses that may arise under the AEDPA statute of limitations if Mr. Rose is permitted to dismiss his Petition without prejudice. (*Id*. at p. 4.)

### III. Law and Analysis

A state prisoner with federal constitutional claims must fairly present them in state court before raising them in a federal habeas corpus action. 28 U.S.C. § 2254(b)(1)(A); *see O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). In *Rose v. Lundy*, 455 U.S. 509, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982), the Supreme Court held that when a habeas petitioner presents a "mixed petition"—a petition containing both exhausted and unexhausted claims—comity requires that the state courts have the first opportunity to review the unexhausted claims. *Rose*, 455 U.S. at 518-19.

However, because a return to state court could lead to unexhausted claims being time-barred under the one-year statute of limitations in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), the Supreme Court clarified in *Rhines v. Weber*, 544 U.S. 269 (2005), that a district court with a "mixed petition" may stay the case and permit the petitioner to present his unexhausted claims to the state court before the federal court undertakes review of the petition. *Rhines*, 544 U.S. at 277. Specifically, the Court held that a "stay and abeyance" is available where the district court determines that: (1) there was good cause for the petitioner's failure to exhaust the relevant claims first in state court; (2) the unexhausted claims are not plainly meritless; and (3) the petitioner has not engaged in abusive litigation tactics or intentional delay. *Id*. The Court cautioned that stay and abeyance should be used sparingly because frequent use

could undermine the goals of "'reduc[ing] delays in the execution of state and federal criminal sentences'" and streamlining federal habeas proceedings by encouraging petitioners to seek relief first from state courts. *Id.* at 276-77 (quoting *Woodford v. Garceau*, 538 U.S. 202, 206 (2003)).

Petitioner argues that a stay is warranted under *Rhines* because: he has good cause for his failure to exhaust; his unexhausted claims are potentially meritorious; and there is no indication that he engaged in intentionally dilatory tactics. (ECF Doc. 3, pp. 5, 8-17.) Respondent opposes the Motion, arguing that the claims Mr. Rose seeks to exhaust have been procedurally defaulted and are not potentially meritorious. (ECF Doc. 11, p. 3.) Respondent's argument focuses on the second *Rhines* factor, whether the claims are plainly meritless; he does not appear to address the two other *Rhines* factors, whether Mr. Rose has good cause for not exhausting Claims I-X in state court and whether Mr. Rose has engaged in abusive litigation tactics or intentional delay.

Turning to the first *Rhines* factor, Mr. Rose argues that "good cause" is established because of his own "reasonable confusion" as to whether his state court filings were timely, noting that he was not represented by counsel when he filed his first and second petitions for postconviction relief. (ECF Doc. 3, p. 7.) He also argues that "good cause" for his failure to exhaust Claims I-X is established because he filed his petitions for postconviction relief "almost instantly" after receiving new evidence from various affiants. (*Id.*) Respondent does not clearly address the issue of "good cause" (ECF Doc. 11), but the Supreme Court has explained that a petition may be filed protectively in federal court in order to avoid a time bar, and that "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court." *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005); *see also Misch v. Chambers-Smith*, 656 F. Supp. 3d 761, 764 (N.D. Ohio 2023) ("To avoid litigating postconviction relief in State court for years only to discover a time bar in federal

6

court, the Supreme Court suggested that a petitioner 'might avoid this predicament ... by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted.'") (quoting *Pace*).

Turning to the second *Rhines* factor, Respondent argues that "the record does not reflect that the claims [in Claims I-X] are potentially meritorious," specifically noting that Petitioner's arguments depend on the affidavits of family and friends (including Petitioner himself) and were described as "spurious" by the Ohio court of appeals. (ECF Doc. 11, p. 3.) But Respondent's arguments are not based on citations to the complete state court record, which has not yet been filed, but are limited to specified state court decisions. (*Id.*) Petitioner argues in response that it is enough to justify a stay in this case if even one of his unexhausted claims is not "plainly meritless," and further argues that the principles of comity and federalism demand that this Court refrain from ruling on the merits of his claims at this stage unless "it is perfectly clear that . . . [he] has no hope of prevailing." (ECF Doc. 3, p. 13 (*quoting Dixon v. Baker*, 847 F.3d 714, 722 (9th Cir. 2017).)

At this early stage of the proceedings, and without a more complete state court record, the undersigned cannot adequately assess Respondent's argument that Claims I-X are plainly meritless and/or procedurally defaulted.[5] This difficulty is exacerbated by the pendency of a request for review of one relevant state court decision by the Supreme Court of Ohio. The decision of the Supreme Court of Ohio on that pending matter may be directly relevant to this Court's assessment of whether Claims I-X are plainly meritless and/or procedurally defaulted.

---

[5] This recommendation does not include any recommendation as to the procedural or substantive arguments raised regarding any claims asserted in the Petition. If the Court adopts this Report and Recommendation, no substantive determinations will be made until after the case is returned to the active docket pursuant to the conditions set forth in Section IV and the parties have been given an opportunity to further brief the merits of their claims and defenses.

As to the final *Rhines* factor, the undersigned observes that Respondent has not argued that Mr. Rose's request for a stay should be denied on the grounds that he has engaged in abusive litigation tactics or intentional delay. Further, the limited record before this Court does not clearly reflect that Mr. Rose has engaged in any such improper tactics.

Having considered the three *Rhines* factors, the undersigned concludes that Mr. Rose has filed a protective petition like that contemplated in *Pace*, which supports a finding of good cause, and further finds that the limited record before this Court does not clearly establish that all unexhausted claims are plainly meritless or that Mr. Rose has engaged in abusive litigation tactics or intentional delay. Thus, a stay and abeyance of the present proceedings is likely supported under the *Rhines* standard.

Ultimately, this Court need not go so far as to find that every element of the *Rhines* standard has been met. This is because district courts also retain equitable authority to stay proceedings in situations where a stay is not specifically available under the *Rhines* standard. *See, e.g., Clinton v. Jones*, 520 U.S. 681, 706 (1997) (noting a district court has "broad discretion to stay proceedings as an incident to its power to control its own docket"); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (noting that the power to stay proceedings "is incidental to the power inherent in every court to control the disposition of the cases on its docket"); *see also Rhines*, 544 U.S. at 276 (noting AEDPA did not deprive courts of their authority to stay cases).

Here, the undersigned concludes that judicial efficiency and economy warrant staying this case until the conclusion of the state court proceedings currently pending before the Supreme Court of Ohio. In reaching this conclusion, the undersigned observes that this case is in the early stages; the state court record has not been filed and briefing on the Petition has not begun. A limited delay to allow the Supreme Court of Ohio to consider the last relevant decision pending

8

in the state courts will not clearly prejudice Respondent. Further, it is not anticipated that the imposition of a stay at this stage in proceedings will extensively or unnecessarily prolong these federal habeas proceedings, given the advanced stage of the relevant state court proceedings. Finally, it is noted that the requested stay will ensure that both the briefing of the parties and the final decision of this Court will benefit from all additional determinations made by the Supreme Court of Ohio with respect to the last pending appeal relevant to Mr. Rose's Petition.

For all of the reasons set forth above, the undersigned recommends that the Court exercise its "broad discretion to stay [these] proceedings as an incident to its power to control its own docket," *Clinton*, 520 U.S. at 706, and stay the present proceedings subject to the conditions outlined in Section IV.[6]

---

[6] Given this recommendation, it is not necessary to address Mr. Rose's alternate request that the Court dismiss his Petition without prejudice.

## IV. Recommendation

The undersigned recommends that the Court **GRANT** Mr. Rose's stay and hold these proceedings in abeyance (ECF Doc. 3) and administratively close this case until the pending state court proceedings before the Supreme Court of Ohio, which relate to Claims I-X of the Petition, are completed, subject to the following additional conditions:

1. Mr. Rose shall file status reports with this Court every sixty days, detailing the progress and status of the pending state court proceedings identified above; and

2. Mr. Rose shall file a motion for reinstatement to the Court's active docket within thirty days following the conclusion of the pending state court proceedings identified above.[7]

January 7, 2025

*/s/ Amanda M. Knapp*
AMANDA M. KNAPP
UNITED STATES MAGISTRATE JUDGE

## **OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *See Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

---

[7] In making the above recommendations, the undersigned does not recommend that Mr. Rose be permitted to pursue any additional state court proceedings beyond those identified herein, nor does the undersigned recommend that Mr. Rose be permitted to amend the Petition to add new claims or grounds for relief upon the termination of the stay and return of this case to the Court's active docket.