IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOHN R. ROSE,<br><br>    Petitioner,<br><br>vs.<br><br>WARDEN HAROLD MAY,<br><br>    Respondent. | CASE NO. 1:24-CV-01037<br><br>JUDGE PATRICIA A. GAUGHAN<br><br>MAGISTRATE JUDGE AMANDA M. KNAPP<br><br>**INTERIM REPORT AND RECOMMENDATION** |

On June 6, 2024, Petitioner John R. Rose ("Petitioner" or "Mr. Rose") filed a petition for writ of habeas corpus under 28 U.S.C. § 2254.[1] (ECF Doc. 1 ("Petition").) Mr. Rose's Petition relates to his 2021 conviction for aggravated murder and related prison sentence following a jury trial in Ashtabula County Case No. 2020-CR-226.[2] (*Id.*) In his Petition, Mr. Rose identifies fourteen claims (labeled Claims I-XIV), consisting of thirty-eight grounds for relief. (*Id.*) Thirty-four of those grounds are encompassed in Claims I-X. (*Id.* at pp. 83-128; ECF Doc. 1-6).

Contemporaneous with the filing of his Petition, Mr. Rose filed a "Motion to Stay and Abey Proceedings; or in the Alternate, to Dismiss Without Prejudice to Refiling Upon Finding of

---

[1] "Under the mailbox rule, a habeas petition is deemed filed when the prisoner gives the petition to prison officials for filing in the federal courts." *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266, 273 (1988)). Mr. Rose placed his Petition in the ODRC prisoners' mail system on June 6, 2024 (ECF Doc. 1, p. 164) and the Petition was docketed on June 20, 2024. (ECF Doc. 1.)

[2] Mr. Rose lists additional crimes for which he was convicted, including murder in violation of R.C. 2903.02(A), murder in violation of R.C. 2903.02(B), and felonious assault in violation of R.C. 2903.22(A)(2), but indicates that the lesser charges were merged for sentencing. (ECF Doc. 1.)

1

Prematurity." (ECF Doc. 3.) On January 28, 2025, the Court granted Mr. Rose's request to stay and hold these proceedings in abeyance and administratively closed this case until the pending state court proceedings before the Supreme Court of Ohio, which related to Claims I-X of the Petition were completed, subject to conditions set forth in the Court's order. (ECF Doc. 17.)

Mr. Rose returned to this Court on March 13, 2025, filing a Principal Motion for Administrative Reinstatement of Case to Court's Active Docket and Motions Ancillary to Principal Motion, which included a motion to supplement his Petition.[3] (ECF Doc. 18.) On March 28, 2025, the Court granted that motion to the extent Mr. Rose sought to reinstate his Petition to the Court's active docket. (ECF Doc. 19.) The Court then referred Mr. Rose's Petition (ECF Doc. 1) and motion to supplement the same (ECF Doc. 18) to the undersigned for preparation of a report and recommendation. (ECF Doc. 19.) The undersigned ordered briefing on the motion to supplement (ECF Doc. 20); briefing is now complete (ECF Docs. 21, 23) and the motion to supplement is ripe for review.

### I.      Petitioner's Motion to Supplement

In his motion to supplement (ECF Doc. 18), Mr. Rose seeks leave to supplement his Petition to: (1) supplement AO241 Form with case history information that was not available to him at the time of filing his Petition due to claims being unexhausted (*id*. at pp. 9-10); (2) file a supplemental memorandum of points and authorities limited to arguments in support of Claims I-X (*id*. at pp. 11-2); and (3) add two supplemental claims, Claims XV and XVI (*id*. at pp. 16-19).

---

[3] The undersigned stated in the report and recommendation as to Mr. Rose's motion to stay that she was not recommending that Mr. Rose be permitted to amend the Petition to add new claims or grounds for relief upon the termination of the stay and return of this case to the Court's active docket. (ECF Doc. 16, p. 10.) However, that statement was not intended to preclude Mr. Rose from seeking leave to amend or supplement his Petition.

Pursuant to the briefing Order (ECF Doc. 20), Respondent filed his response, indicating that Mr. Rose is entitled to amend his Petition once as a matter of course because he has not previously amended his Petition and no responsive pleading to the Petition has yet been filed by Respondent. (ECF Doc. 21, p. 3.) In his reply, Mr. Rose notes Respondent's lack of opposition given his ability to amend his Petition once as a matter of course. (ECF Doc. 23, p. 2.) But he argues there is a difference between amending his Petition and supplementing his Petition, and since he is seeking to supplement his Petition as to matters that were not completed until after the filing of his Petition, i.e., the completion of the state court proceedings relative to Claims I-X, he felt seeking leave was the most appropriate course of action to take. (*Id*. at pp. 2-6.) Thus, he reasserts his request for leave to supplement his Petition as set forth in his initial request. (ECF Doc. 23.) However, he has withdrawn his request to supplement his Petition with Claim XVI. (ECF Doc. 23, p. 8.) Thus, the one claim he seeks to supplement his Petition with is:

> Claim XV: The trial court erred contrary to the clearly established fundamental principles of federal common law, and of due process of law, as grounded in the Federal Constitution's separation of powers doctrine, both as determined by the U.S. Supreme Court as strictly prohibiting any court from proceeding without subject matter jurisdiction, and permitting any party, at any time, from raising lack thereof as voiding such judgment, as well as any subsequent judgment to the extent a holding in the latter is dependent on the former, in the trial court recasting without subject matter jurisdiction, Petitioner's Ohio Crim. R. 33 (also made pursuant to Ohio Statute) new trial motions as a civil collateral relief petition, prejudicing Rose in the trial court's subsequent APCRP decision by not considering and deciding it under its properly labeled and filed designation, a "first" R.C. 2953.21 civil post-conviction relief petition, (although prejudice need not be shown for this type of error where the offense as to the institution of the inherent powers of government as well as to the complainant, and where the error voids the erroneous judgment(s) without regard to whether the complainant was prejudiced or not) and giving Rose, for the first time, standing to bring the habeas claim, if harm be required as an element thereof.

(ECF Doc. 18, pp. 17-18.)

## II. Law and Analysis

### A. Law Governing Amendments to Habeas Petitions

"[A]n application for a writ of habeas corpus 'may be amended or supplemented as provided in the rules of procedure applicable to civil actions.'" *Oleson v. United States*, 27 F. App'x 566, 568 (6th Cir. 2001) (quoting 28 U.S.C. § 2242); *see also Hodges v. Rose*, 570 F.2d 643, 649 (6th Cir. 1978) ("Amendment of a petition for habeas corpus is governed by the 'rules of procedure applicable to civil actions.'") (citing 28 U.S.C. § 2242); *Russell v. Storey*, No. 2:23-CV-116, 2024 WL 3886385, at *25 (W.D. Mich. Aug. 21, 2024) ("Amendment and supplementation of § 2254 petitions are governed by Rule 15 of the Federal Rules of Civil Procedure."); *see also* Rules Governing Habeas Corpus Cases Under Section 2254, Rule 12 (stating Federal Rules of Civil Procedure may be applied in a habeas proceeding to the extent not inconsistent with statutory provisions or the Rules Governing Habeas Cases Under 2254).

Federal Rule of Civil Procedure 15 provides the circumstances under which pleadings may be amended or supplemented. Rule 15(a) addresses amended pleadings, and provides:

(1) A party may amend its pleading once as a matter of course within:

(A) 21 days after serving it, or

(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed R. Civ. P. 15(a)(1)(A)-(B). A party who does not have a right to amend as a matter of course pursuant to Fed. R. Civ. P. 15(a)(1) may amend his pleading "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15(a) further provides that: "The court should freely give leave when justice so requires." *Id.*

Rule 15(d) addresses supplemental pleadings, and provides:

4

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

Fed. R. Civ. P. 15(d).

**B.      Petitioner's Motion to Supplement**

Petitioner states he is seeking leave to supplement his Petition, whereas Respondent appears to view Petitioner's request as a request for leave to amend his Petition.  Whether under Rule 15(a), which pertains to amended pleadings, or under Rule 15(d), which pertains to supplemental pleadings, Respondent does not oppose Petitioner's motion and has not yet answered or responded to the Petition.  Additionally, Petitioner has not yet filed an amended Petition or supplemental Petition and his request to supplement is narrowly tailored in that it seeks to address only those claims that were the basis for the stay (Claims I-X) and seeks to add only one additional claim (Claim XV).[4]  Accordingly, the undersigned recommends that the Court grant Mr. Rose's motion to supplement as set forth in Section III.

---

[4] As indicated in Section I, *supra*, Petitioner has withdrawn his request to supplement his Petition with Claim XVI.

### III. Recommendation

The undersigned recommends that the Court **GRANT** Mr. Rose's motion to supplement (ECF Doc. 18) and allow him thirty days to: (1) supplement AO241 Form with case history information that was not available to him at the time of filing his Petition due to claims being unexhausted (*id*. at pp. 9-10); (2) file a supplemental memorandum of points and authorities limited to arguments in support of Claims I-X (*id*. at pp. 11-2); and (3) add supplemental Claim XV as proposed in his motion to supplement (*id.* at pp. 17-18.)

October 3, 2025
/s/ *Amanda M. Knapp*
AMANDA M. KNAPP
UNITED STATES MAGISTRATE JUDGE

### **OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *See Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985).